**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Patricia E. King and Robbie King Jones, individually and as personal representatives of the estates of W.R. King and Ellen King, Plaintiffs,

Of Whom Patricia E. King is the Petitioner,

v.

Margie B. King and Robbie Patricia Ione King, individually and as co-personal representatives of the Estate of Christopher C. King, deceased and Nelson M. King, Respondents.

Appellate Case No. 2018-001171

———————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————

Appeal from Chester County
James C. Harrison Jr., Special Referee

———————

Opinion No. 2019-MO-023
Submitted January 15, 2019 – Filed May 8, 2019

———————

**REVERSED**

———————

Kenneth B. Wingate and Paul David Kent, both of Sweeny Wingate & Barrow, P.A., of Columbia, for Petitioner.

Margie B. King, Robbie Patricia Ione King, and Nelson M. King, all of Rock Hill, pro se.

———————

**PER CURIAM:** A special referee granted the proprietors of an unincorporated funeral home business the exclusive right to use the "King" family name for the operation of the business. The order specifically required Petitioner Patricia King, also a member of the family, to "cease" using the name for her funeral home business. Patricia appealed on the ground this relief was improper, and the court of appeals affirmed. We reverse the court of appeals and vacate the portion of the special referee's order granting the exclusive use of the family name.

W.R. King and his wife Ellen King purchased a funeral home at least as early as the 1940s and began operating it as "King's Funeral Home" on Cemetery Street in the City of Chester. When W.R. King died in 1975 without a will, his and Ellen's numerous children—particularly their son Christopher King—continued operating the business. At one time or another, each of W.R. and Ellen's children—including their daughters Patricia King and Robbie King Jones—worked in the funeral home. Ellen King died without a will in 1987, and Christopher King died without a will in 1997. Several of the remaining King children then had multiple disagreements, and at least one member of the family opened another funeral home under the "King" name.

In 1998, Patricia and Robbie[1] filed this lawsuit over issues relating directly and indirectly to the operation of the family funeral home business. They alleged thirteen separate theories of recovery. The defendants (Respondents)—Christopher King's wife and two of his children—counterclaimed on sixteen theories of recovery. Patricia and Robbie's complaint was dismissed in 2004 for failure to prosecute. After two trials and two appeals,[2] the special referee issued a final order in which the referee denied all the counterclaims Respondents asserted except for unjust enrichment. The referee did not award money damages. Instead, after

---

[1] We use the name "Robbie" to refer to W.R. King's daughter Robbie King Jones. Christopher's daughter Robbie Patricia Ione King is one of the Respondents.

[2] *See King ex rel. King v. King*, Op. No. 2012-UP-365 (S.C. Ct. App. filed June 20, 2012); *King v. King*, Op. No. 2007-UP-132 (S.C. Ct. App. filed Mar. 28, 2007).

acknowledging "[Respondents] have not specifically requested" this relief, the referee granted Respondents the exclusive use of the family name.

Patricia appealed to the court of appeals claiming on several grounds "the relief granted is improper." Respondents did not file a brief. The court of appeals affirmed in an unpublished opinion. *King v. King*, Op. No. 2018-UP-128 (S.C. Ct. App. filed Mar. 21, 2018). Patricia King filed a petition for a writ of certiorari, again claiming on several grounds "the relief granted is improper." Respondents did not file a return. We granted the petition. Respondents did not file a brief with this Court.

The Rules of Civil Procedure give trial courts flexibility to grant relief not specifically pled. *See, e.g.*, Rule 15(b), SCRCP ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); Rule 54(c), SCRCP ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."). However, the special master should not have granted relief that Respondents did not request, and neither party ever envisioned. We reverse the court of appeals and vacate the portion of the special referee's order granting the exclusive use of the "King" family name.

**REVERSED; SPECIAL REFEREE'S ORDER VACATED IN PART.**

**HEARN, FEW and JAMES, JJ., concur. BEATTY, C.J., concurring in result only. KITTREDGE, J., not participating.**